Lord *v.* Pierce.

LORD, *in error, versus* PIERCE *& als.*

Error does not lie to reverse a judgment of the District Court, rendered upon default, if the action was in its nature appealable, and if no cause be shown why the defendant did not appear and answer. Since the Rev. Stat. have been in force, no judgment can be "reversed for any want of form which might have been amended."

A count in trover, which alleges the property in the plaintiff, and that it came to the defendant's hands by finding, may be amended by adding an allegation of the conversion.

THE defendants in error, were plaintiffs in the former suit, and recovered judgment against Lord in the District Court, in a plea of the case, "for that the said plaintiffs, at, on, &c. being possessed of [certain lumber,] of the value of $900,00, casually lost the same, which came into the defendant's hands by finding. Yet though often requested, said defendant has not paid said sum, or any part thereof, but neglects and refuses so to do. To the damage," &c. The defendant in that suit was defaulted, and the then plaintiffs recovered judgment against him. This is a writ of error brought to reverse that judgment. *In nullo est erratum* was pleaded.

*W. C. Crosby,* for the plaintiff.

It has been said that this writ does not lie to reverse a judgment, in which the plaintiff in error might have entered an appeal. That was never a fixed rule. It was a course sometimes taken for the sake of expediency. Its expediency was doubted in *Skipwith* v. *Hill,* 2 Mass. 35. It was affirmed, 4 Mass. 171, and again questioned and virtually abrogated in 10 Metc. 172.

The general rule is, that error lies whenever, in the particular instance, the party could not appeal. 11 Mass. 300; 1 Mass. 179; 2 Mass. 35; 4 Mass. 516.

A default is no more a waiver of rights, than an agreement not to appeal. In *Monk* v. *Guild,* 3 Metc. 372, the Court do not consider a party, who never appeared, to have been barred from his writ of error.

No appeal lies from a judgment on default. R. S. chap. 97, sec. 13. *Hawes* v. *Hutchins,* 28 Maine, 102.

If the declaration be insufficient, error lies to reverse the judgment, though rendered on a default, the error being of record. *Perry v. Goodwin*, 6 Mass. 498.

If a Court ought to abate a writ *ex officio*, then, if it be not abated, though no exception was made at the time, it will be error. Story's Pl. 368.

*Appleton, contra.*

SHEPLEY, C. J. — This writ of error is brought to reverse a judgment rendered in the District Court upon default, in a case appealable to this Court.

The law is well settled, that when a party might have appealed and by it have opened the whole case for a new trial, he cannot maintain a writ of error. *Monk v. Guild*, 3 Metc. 372.

Although the plaintiff in error was defaulted, it does not appear that he had not full knowledge of the suit, that he was under any disability, that he was absent from the State, or that he was by any other obstacle prevented from appearing and answering to it. Writs of error have been sustained, when the plaintiffs in error have been defaulted in the original actions, but not in cases, in which they chose voluntarily to suffer a default to be entered.

It has not been the intention of Courts to permit a party to yield to a default without any stipulation, that he would not appeal, and then to bring a writ of error to reverse that judgment against him, thereby occasioning two suits, when all his just rights might have been determined in one.

The cases of *Day v. Laflin*, 6 Metc. 280, and of *Peck v. Hapgood*, 10 Metc. 172, do not, as supposed, abrogate this rule.

In those cases the only appeal from the original judgment permitted was, one in matter of law, and not one opening, as in this case, the whole cause for a new trial upon the facts and the law.

It is provided by statute, chap. 115, sect. 9, that no declaration or other proceeding in a Court of justice shall be

reversed " for any kind of circumstantial errors or mistakes, when the person and case may be rightly understood by the Court, nor for want of form only, and which by law might have been amended."

There is little of difficulty in understanding, that the original was an action of the case with an informal and insufficient declaration in trover. And that informal and defective declaration might have been amended by the tenth section of the same statute. Since the Revised Statutes were in force no judgment can be reversed for any want of form, which might have been amended.

It is essential in an action of trover, that a conversion of the property should be alleged; and so it is, that it should have come to the hands of the defendant by finding.

The substantial matter upon which the action is founded is, that the defendant has without right the property of the plaintiff in his possession and that he refuses to surrender it.

*Writ dismissed.*